Good morning, and may it please the Court. Christopher Rivas of Reed Smith LLP, appearing on behalf of the appellants, Mr. and Mrs. Yang, who were the debtors in the bankruptcy court from which this appeal arises. I would like to reserve five minutes for my rebuttal. OK. There are presently two issues before this court. The first issue is whether the settlement agreement at issue here was functionally given the same effect as a unenforceable pre-petition discharge waiver. And the second issue is whether the bankruptcy court erred when it granted summary judgment on the papers where there is a genuine dispute of material facts about the intent of the parties when they signed the settlement agreement and the stipulation. On the first issue, Mr. and Mrs. Yang, as debtors in bankruptcy, were entitled to the fundamental right provided to them by the bankruptcy court to seek a fresh start in bankruptcy. Bankruptcy debtors get that fresh start in the bankruptcy code through Section 523, which gives them a discharge. Now, there are exceptions to the discharge, but the exceptions are limited. And this court has found numerous times that those exceptions are to be narrowly construed. So neither the stipulation nor the settlement agreement expressly waived the right to a discharge in bankruptcy. They just stipulated to certain facts that tracked non-dischargeability. Your Honor, no, I don't think that's accurate. The settlement agreement, actually at paragraph 12, is nothing but a discharge waiver. It's a single sentence. It's a very long sentence. The entire paragraph is one sentence. If we give it effect, it has the consequence, of course, of a discharge waiver. But it recites, it stipulates the facts. It's not sort of a, in the abstract, I waive my right to a discharge. And of course, we don't allow that when it's just in the abstract. That's correct, Your Honor. But it only stipulates to facts in the settlement agreement with reference to Section 523 as a waiver. So let's say that it doesn't expressly waive. We give that no effect, and it just stipulates the facts. And so why? So if the facts that are stipulated basically track what's necessary to show non-dischargeability, is there any basis for saying that should or should not be deemed to be a invalid pre-petition waiver under Hwang? Yes, Your Honor. We believe that, and we contend that, under the court's decision in Hwang, and in subsequent decisions that have come out after Hwang and interpreting it by the bankruptcy appellate panel, that even if it were just a standalone stipulation, assuming that that was the case, which isn't the case here, that that operates as a waiver. And to give effect to that, to do violence to the public policy against pre-discharge waivers. And I think it's a particular. So is that because a creditor could require the debtor to stipulate facts knowing that that would make the loan non-dischargeable? Well, Your Honor, specifically, that is correct. And in Hwang, that was the concern that was brought up by the bankruptcy appellate panel, was that by giving effect to stipulations, even without reference to Section 523, let's say that a savvy creditor were to remove any reference to Section 523, to give effect to a stipulation where the intent of the stipulation is to obtain a discharge waiver, would to make it commonplace in every settlement agreement. Savvy creditors all over the country would start to put that in their settlement agreements with the hope that if the defendant were to declare bankruptcy, that they could get a discharge waiver without having to actually go to trial on the issue of whether there was fraud or not. And to give effect to that sort of a stipulation would undermine the entire purpose of Hwang and Thorpe and other cases in the Ninth Circuit that prohibit that sort of waiver. And I think it's particular. How far down into the details of the specific cases are we supposed to get? Because in a way, this is a hard problem. I understand the reasons why we disfavor or do not allow pre-petition waivers. Yet the facts of the underlying litigation make it pretty clear that there was fraud. There was a bona fide lawsuit. There was a lot of discovery. It went on a long time. We end up getting a settlement for, I think, $3 million in which there's a stipulation to the facts that constitute fraud. I see nothing about this that suggests to me that there was overreaching or somehow an inducement to get the gangs to stipulate something that wasn't true. This is at the end of a long-fought case. And there we are. It's settled. And this is true. Well, Your Honor, I think that's not quite right. And that goes to the second issue of whether the court should have looked more closely at the facts. And I think had the court delved into the facts, which, frankly, it did not do. It essentially rubber-stamped the statement of issues that was presented by the plaintiff. But had it looked into the facts, the facts of the complaint don't, in and of themselves, support a non-dischargeability finding. The fraud alleged in the complaint. But you're getting now to the merits. And I'm still interested in Judge Fletcher's question as to, can we take the stipulation at its face value? And Judge Fletcher suggests we can do it when it seems to be true, when the facts seem to be correct and reflect reality as opposed to just something the creditor made the debtor say in order to get the settlement. Well, Your Honor, I think that the stipulation itself, I don't think you can take on face value because it is so vague. And that is one of the problems that was brought up in the Huang case specifically. In Huang, they pointed out that the agreement danced around the issue of fraud. That's clearly what happened in the settlement agreement. And Mr. Yang testified to the bankruptcy court that he specifically rejected prior stipulations where they tried to make him agree that he had committed fraud. And by disregarding that testimony, the bankruptcy court disregarded the fact that the stipulation on its face shouldn't have been given the weight that the plaintiffs were arguing that it should have been given. Also, the stipulation, even if it incorporates by reference the facts of the complaint, those facts don't support a finding of fraud. The stipulation itself doesn't support a finding of fraud. And the complaint, although it alleges fraud, alleges fraud after the fact. It doesn't allege fraud in the inducement. And Section 523, the code section upon which this non-dischargeability was determined, is a code section where the debt was fraudulently induced. And the complaint itself doesn't do that. So neither the stipulation. The stipulation does not itself stipulate to fraud in the inducement. And the complaint, which it incorporates, also does not do that. And moreover, the complaint doesn't specify which parts of the loans or the damages were attributable to the fraud. So you have multiple issues here where the stipulation and the complaint both, neither of them, provide for a non-dischargeability finding. And I think the court lost sight of one, I think, major issue here in the bankruptcy court was Mrs. Yang. And she seems to have been ignored, I think, in much of this process. But the complaint as to Mrs. Yang, who was essentially an add-on, the stipulation just said Yang as a singular. And then it defined it as to both of them. But the complaint alleged only that Mrs. Yang received the benefits of the fraud. So even on its face, the complaint alleged that Mr. Yang committed fraud after the fact, and that Mrs. Yang received the benefits of that. And on that basis, they have Mrs. Yang sign a settlement agreement that admits to liability and somehow try to bootstrap that into an argument that Mrs. Yang committed fraud. The complaint itself doesn't support that. It merely says she received the benefits of that. That is not grounds for a Section 523 finding in either the complaint or the settlement agreement. And I think in this instance, the bankruptcy court should have given weight to Mr. Yang's testimony at the MSJ stage. By disregarding that testimony, they gave no evidentiary weight to it, and they denied him his right to trial. And the fact that in bankruptcy court, you're entitled to, you're not only entitled, the code requires that the bankruptcy court interview, essentially, almost like a plea bargain, any debtor that wants a post-petition discharge. The fact that that is not extended as a protection in this case is very concerning. Because by rubber stamping the settlement agreement and never looking beyond it, this debtor was entitled to less protections than a debtor would have in a bankruptcy court had this discharge been sought post-petition. What if the stipulation in the settlement has a binding effect? And I know the bankruptcy court disavowed collateral estoppel, but that seems to be what's taking place here. I mean, why aren't the Yangs collaterally estopped to challenge the stipulations that they made in the other proceeding, in the state court proceeding? Well, Your Honor, in the Seventh Circuit, in the Klingman case, which is not binding in this court, did seem to suggest that collateral estoppel effect could be given to the facts. That's not the law of the circuit, and we would contend that given the opinion in Huang, and then given subsequent opinions like Wank and Yekian, that the collateral estoppel effect shouldn't be given to a stipulation of facts where the stipulation of facts was intended as a pre-petition discharge waiver. In California law, I think the Cal State Auto Association case was cited, said that a stipulated judgment in a state case can have collateral estoppel effect when the parties manifest an intent to be collaterally bound, to be bound in other proceedings. So was that intent manifested here? I don't think it was, Your Honor. And the fact is that actually, Mr. Yang specifically denied that intent in his declaration. And at the very bare minimum, the bankruptcy court should have had a trial on that issue. So that creates a genuine issue of material fact? That was the very issue of material fact. Well, what happens if the operation of the words is unambiguous? Can someone later on deny that that was an intent, his intent, when his plaint on his face, that that's exactly how it operated? Well, Your Honor, we contend that it should be a bright line rule that if there's evidence of that intent, that it should be disregarded. But I'm sorry, I didn't quite understand that. Say that one more time. Our position, Your Honor, is that under Huang and its progeny, that if there's any evidence of intent on either side, that the stipulation operate for the purpose of denying a discharge. Even when the actual consequence of the wording is very clear, someone's free to say, well, I didn't intend that consequence? I think that that's correct, Your Honor. And I think the bankruptcy court ought to consider that issue. And they may give it very little weight, and they may determine that it's not credible, in which case it should be given the effect. So you're saying if there's evidence that the stipulation settlement, there was an intent that it be used in bankruptcy, which it is, then it's an invalid pre-petition waiver. Is that what you're saying? Yes, Your Honor. I think it operates for the same purpose. And we don't believe that this court needs to go that far to make a decision in this case, because this case doesn't fall anywhere near that standard. I think there's plenty of evidence of intent, and we're dealing with a very vague stipulation. But I do believe that that is the correct application of the law, Your Honor. Well, the bankruptcy court also relied upon the language in the stipulation for entry of judgment. And I'm having a hard time understanding how that is vague, where he stipulates, he admits the facts alleged in the FMI, SAM, and GWSM complaint. He admits those facts. Yes. I'm sorry. And so what is, what could be more clear and unambiguous? Your Honor, the complaint itself was based on multiple theories, only some of which were fraud. And one of the theories was breach of contract. And a breach of contract judgment would have supported the entirety of it. You're talking theories, and my colleague's talking facts. Well, Your Honor, the point of that, what I'm trying to say, Your Honor, is that in the Huang case, you had a very similar issue, where there was a complaint with multiple theories, multiple causes of action, one of which was fraud. And there was a collateral estoppel effect given to a settlement. There was a clear agreement onto the facts of that complaint. That complaint could have supported fraud, and it could have supported the other one. The question here is whether, when Mr. Yang signed onto that and said, I'm agreeing to the, I'm stipulating to the facts, is he stipulating to the facts for the purposes of liability on the breach of contract action? Or is he stipulating that he actually committed the fraud? And even if he did stipulate to the fraud, which fraud, and to what dollar amounts? It's vague. But didn't, doesn't the stipulation say he's stipulating it for all purposes? I think, Your Honor, all it said was it was stipulating to all of the facts for purposes of liability. The fact that he dances around the fraud brings us squarely within Huang, Your Honor. If the intent was to stipulate to fraud, the stipulation should have been clear on that issue, instead of saying he was stipulating to fraud. And that's exactly the facts of Yang, of Huang. Why don't we hear from the other side? We're down to about a minute and a half. We'll make sure you get a chance to say what you need to say. Thank you, Your Honor. Good morning, Your Honor. May it please the Court, Mark Edwards, appearing for Pelley Fund Management International, LLC. As, Your Honor, as you noted, this case is the latest proceeding in many proceedings in litigation that has been ongoing for over 16 years. The issue in this case is whether or not the Bankruptcy Court properly considered facts that were stipulated to between the parties in a settlement of civil litigation matter, and in relying upon those stipulated facts, made an independent determination as to whether or not those facts supported non-dischargeability under 523.824. And the Court made that determination. It did so without taking into consideration any purported pre-petition waiver. A Pelley has never asserted that the appellants waived their right to challenge the issue of non-dischargeability. The Bankruptcy Court did not conclude that there was a waiver of the ability to contest non-dischargeability. And the Bankruptcy Appellate Panel affirmed strictly on the basis of the consideration of stipulated facts and whether or not they supported a finding for non-dischargeability. So let me ask you about the stipulation of facts. Now, is it your position that if a creditor requires a debtor to stipulate facts, that that requirement to stipulate facts, even if those facts just tick off the requirements for non-dischargeability, can never be a pre-petition waiver? I think that the parties are free to stipulate the facts. So it can never be a pre-petition waiver? No, I think the Court has to determine whether or not the specific stipulation is sufficient or not to be carved out from any purported pre-petition waiver. There's nothing that's expressly a pre-petition waiver. The settlement agreement just says the debtor stipulates to the following facts, and they stipulate to the five facts necessary to make that debt non-dischargeable in bankruptcy. So because it's framed as five facts, as opposed to saying this waives non-dischargeability, that that can never be a pre-petition, an invalid pre-petition waiver. Is that your position? No, it's not, Your Honor. I think you have to look at the specific provisions. And I think that that's why there are no- Well, I told you what the specific provisions were. Nothing to do with a pre-petition waiver, nothing express, it's just that the debtor has stipulated to the five facts necessary to make the debt non-dischargeable in bankruptcy. So that should always be given effect by a bankruptcy court, in your view. In my view, under the Cole decision, the exception to prohibition against pre-petition waivers is the ability of the court to, if and to the extent it can be couched as a pre-petition waiver, and in your example, you're saying it is not, but even if it could be couched as one that the court can disregard it, can sever the stipulation and consider the facts in its independent determination. So a creditor is free now, under the rule you had proposed for us. A creditor is free to have what's effectively a pre-petition waiver just by having the debtor stipulate to specific facts without actually saying it's a pre-petition waiver. Your Honor, I think it depends on what the facts are. Because at the end of the day- Well, I told you what the facts are. The facts are whatever is necessary to make the debt non-dischargeable. Well, I think, again, I don't think we have enough information in that example to know what type of commercial transaction is and so forth. In our case, we have two parties who have been litigating who, through an arm's length negotiation, enter into a settlement agreement, a very detailed settlement agreement. There was clear intent that there was to be an admission of liability, and there was clear intent that there was to be admission of various facts. And I think it's important to understand- But would a bankruptcy court then have to evaluate what the purpose of the agreement was, whether the purpose of the agreement was to affect bankruptcy or not? Because here, there's lots of language in the settlement agreement indicating that it was in contemplation of bankruptcy and non-dischargeability in bankruptcy. There's a reference to it, but I'd point out, Your Honor, that- It's a very clear reference. There's a reference to it, and it talks about within the meaning of the section. But to the extent that language constituted the prepetition waiver, which is what the bankruptcy court determined, the bankruptcy court severed it and said, as the party responsible to determine the facts regarding non-dischargeability, I'm going to look at those stipulated facts, and I would point out- But the facts were stipulated in contemplation of bankruptcy. So it gets to my question about whether there's a per se rule. So long as there's facts, it doesn't matter whether the facts were put there in contemplation of avoiding dischargeability in bankruptcy. I think that a court can- Yes, I think a court can- OK, so that is what you're suggesting. I think a court- Yes, I think a court- And that goes to the concept and call of severing. That's an awfully broad statement. So that if I've got quite a different case than the one we have here in front of us, I've got a consumer case in which the creditor says to the consumer, please stipulate to the following facts, and then I'll settle for x. They don't mention 523, but it was stipulated to the following five facts. Turns out the facts really aren't as stipulated, but the consumer is going to get off the hook from, instead of being stuck for, I don't know, I'm just going to make the numbers up, $50,000. Well, I'm letting you off the hook for $30,000 if you'll stipulate to the following facts. They hear nothing about nothing. And you just said if those facts constitute non-dischargeability, we're stuck. That can't be right. What I'm saying, Your Honor, is that- You've got to say, I think, in the context of this settlement agreement, where we have little or no evidence of overreaching, little or no evidence of unsophisticated parties on the other side, we can trust this factual stipulation. Well, Your Honor, I certainly agree that the analysis here has to be done on a case-by-case basis. And my point was simply that- I think your answer to Judge Ikuta has to be reconsidered. Well, my answer then is that it has to be determined on a case-by-case basis. So the bankruptcy court would have to evaluate whether the facts that were stipulated were true, or have to evaluate what the parties had in mind, because we know what the parties had in mind here, which was to make it non-dischargeable, because it says that in the agreement. Or what exactly- what are the things that the bankruptcy court would be required to evaluate before saying that the facts have a collateral effect in the bankruptcy proceeding? Well, I think under the Cole decision, the court is going to take a look and determine whether or not these were entered into, negotiated at arm's length, as in the case of a settlement agreement and resolution of a civil action, and determine that the sole purpose of doing so was not to provide for a pre-petition waiver. I would point out- Well, in summary judgment, if one of the parties comes in and says, that's not the way it was at all with the sworn declaration, why doesn't that create a genuine issue of material fact that would have to be resolved? Because Mr. Yang's declaration simply says what he thought, simply says that I don't believe I committed a fraud. We're not taking the position that he stipulated to fraud. The position- That wasn't his intent in entering the agreement. But that's a red herring. The issue is, what was his intent in entering into the settlement agreement? He says in his declaration that he knew he signed the documents in order to settle the case, and that he knew that the documents contained a stipulation of facts. And then he goes on to say, but I never believe I committed fraud. Well, he may not believe he committed fraud. And frankly, the issue or determination of whether or not the facts support the fraud is a determination the bankruptcy court is to make. And that's exactly what happened here. We're not taking the position that he admitted to fraud. We're taking the position, and the bankruptcy court took the position, that he signed a stipulation. And I would add, Your Honor, not just the settlement agreement, which has language regarding the pre-petition waiver, but the stipulation for entry of judgment does not. It has no reference to bankruptcy or non-dischargeability. And it goes as far to say that those facts that are stipulated to, that when the judgment is entered, it will be entered upon those facts, meaning that the judgment was to be based upon all facts supporting the claims in the state court complaint. So under California laws, I said to your opposing counsel that the facts in a separate proceeding would have collateral estoppel effect only if the parties manifested an intent to be collaterally bound. So was there such an intent in this case? Well, we took the position, Your Honor, that there was. And we took the position in the first motion for summary judgment that was presented to the bankruptcy court that, in fact, that the judgment should be given preclusive effect. We took the position that collateral estoppel did apply, that the bankruptcy court disagreed. And that doesn't come up with any legal principle for having a binding effect other than collateral estoppel. So I sort of discounted that. I mean, is there any legal principle that why a stipulation in one lawsuit would have any effect in another lawsuit other than collateral estoppel? Would have any other effect? Would have an effect. I mean, there's no legal principle for having a stipulation in one lawsuit in a separate proceeding having a binding effect in a separate legal proceeding other than collateral estoppel that I'm aware of. And the bankruptcy court didn't mention anything. No, it didn't. And I'm not sure I understand your question, Your Honor. But if you're asking whether or not there's another reason why you would stipulate to facts other than to have it form the basis. I'm asking whether or not we have to look at California's rules about collateral estoppel, because that's the only way that facts in one case could have a binding effect in another case. Well, I don't think we do, Your Honor. I think that the courts have indicated that, as evidence, that a stipulation of facts not only can be considered, but that the parties are legally bound by it. By collateral estoppel. What's the other legal principle? Well, collateral estoppel. Well, I don't know that we're trying to give them preclusive effect. I think we're simply indicating that, as evidence, facts that are stipulated to can be considered. No different than other evidence that's presented to the district court, excuse me, to the bankruptcy court, for consideration of the issue of non-dischargeability. Did Mr. Yang ever deny in the proceeding in front of the bankruptcy court the facts to which he stipulated? Mr. Yang submitted a declaration in opposition to the third motion for subpoena judgment, which is the motion that the court granted, where he denied certain facts that are reflected in the state court complaint. Not all of the facts, certainly a handful of them. As you know, the state court complaint contains 170 plus paragraphs and has substantial facts that are alleged in it. And I would point out that Mr. Yang had, at his disposal, a complete summary of the facts that Appelli was relying upon in the bankruptcy court to support a finding of fraud. The motion for summary judgment detailed about six pages worth of the motion, detailed each element of fraud, and referenced the specific facts in the state court complaint which supported those elements. Were any of those facts in the complaint facts that were denied by Mr. Yang? I don't recall that those specific facts were denied. My recollection from Mr. Yang's declaration is that he generally denied having deceived or defrauded. No, I understand that. I'm talking about facts. I don't recall that there was a specific denial with respect to the delineated facts in the motion and the delineated facts that were in the statement of uncontroverted facts, which of course the bankruptcy court used to make its findings. I don't recall that there were specific denials of those exact facts. I recall Mr. Yang's declaration as generally denying various things that he is alleged to have done. I don't recall that he specifically denied specific facts that were referenced in the motion. Isn't what's important here that the bankruptcy court actually found that under the terms of the settlement agreement, the facts that Mr. Yang was bound by supported the cause of action for fraud, as opposed to a stop them from thinking about that question or whatever, but that they found these are the facts you stipulated to, and it supports the cause of action for fraud? Your Honor, I think that's precisely what the bankruptcy court did. I think that the bankruptcy court did its own independent evaluation, which it's supposed to do. And that's all we asked it to do, was take these stipulated facts as presented and determine whether or not we met the burden of showing non-dischargeability. Did it determine whether the facts were true? It just took them at face value, right? No, it didn't take them at face value, Your Honor. It took them as stipulated facts. And the law says that the parties are legally bound. The law says, both the Supreme Court and this court have held, that you can't present evidence. If you stipulate the facts, you can't present evidence. That attempts to vary those facts. In the same case. Or explain away those facts. In the same case. Or explain away those facts. This is a different case. Well, it's a bankruptcy proceeding that addresses the dischargeability or non-dischargeability of the state court judgment and the underlying debt. We're going to be taking you over time, I can tell. I want to pursue the line of questioning that Judge Aikuda has been pursuing. And that is, if there's no collateral estoppel here and we're not relying on collateral estoppel, then I think we're going to have to find that the facts are not contested in this proceeding, unless there's some other basis than collateral estoppel that's available for simply saying, you've got to accept what's in the stipulation. To take this a little bit out of this context, just to make the example, or the point I want to make a little easier to understand, parties stipulate things all the time for purposes of the litigation in front of them. Sometimes they're not true. I stipulate to X because even if it's true, da, da, da, da, da. So merely the fact that the parties have stipulated it to a fact doesn't mean that it is a fact, doesn't mean that the parties want that fact to be established in other settings and other litigation and so on. So merely saying that I stipulated the fact doesn't tell me that it's got binding effect later on. The way you get binding effect later on is through collateral estoppel. Now, the ordinary rule for collateral estoppel, which is not present here, is it's litigated and decided by a court. Now, California has a slightly broader notion of collateral estoppel. Stipulated facts can be used as collateral estoppel when the parties intend that they shall be used for purposes of collateral estoppel. But if there's no collateral estoppel here, I think every fact that you regard as critical to the finding of fraud has to be a non-contested fact, which is why I'm nervous when you say I can't recall whether or not any of the facts that you listed were actually Yang. Now, do you want to respond to that long chain of reasoning? Sure. As I mentioned earlier, I do believe collateral estoppel applies in this case. I do believe that the bankruptcy court We could affirm on different ground by saying collateral estoppel applies. I do believe that. And I would submit to this court that that was the position that we took on the first motion for summary. Is there evidence that Mr. Yang intended to be bound? In bankruptcy? And if so, how does that affect your argument that there's no pre-petition waiver? Well, there's evidence in the record that indicates that the parties, when it comes to stipulated facts, that the parties essentially negotiated, and if you will, without the court's benefit, litigated the issues of the settlement agreement and decided that there would be an agreement or stipulation as it relates to these facts, and that the parties would be bound by it. There was a declaration in the record from David Walker, a principal from FMI, that indicates that it was FMI's intention that the parties, and that Mr. Yang in particular, would be bound by the facts that are being stipulated to. I don't think there's anything in the record that indicates that the appellant was not agreeable or was not agreeing to be bound by the stipulated facts. Again, all that's in the record, as it relates to the appellant, is that he didn't believe he had committed a fraud. And I don't think, as I said, I don't think that's the issue that we need to focus on. We need to simply focus on, was it in your intent to be bound by the facts that you're stipulating into? And I think the record is clear that the parties intended to be bound. There's a declaration in the record from a Michael Stoler, who was counsel for FMI, who was the attorney who negotiated the settlement agreement and stipulation for entry of judgment on behalf of FMI. And Mr. Stoler states in his declaration that this was extensively negotiated and that the provisions in the stipulation for entry of judgment and settlement agreement that concerned the stipulation of facts was negotiated and discussed at length with Mr. Yang's counsel and that Mr. Stoler had advised Mr. Yang's counsel that absent such a stipulation, there would be no settlement. So I think on the face of the record, it is undisputed that the parties intended that they would be bound by this provision, to be bound by the stipulated facts. But they would be bound by it, and I'm just looking at the stipulation, they would be bound by it in a bankruptcy proceeding with respect to 523. But that's precisely what the bankruptcy court and the BAP said, well, we're not paying any attention to that, because we're just looking at the facts. Well, again. And it said, we're not looking at that, because that would then be a prepetition waiver. So if we disregard that, how do we get to collateral estoppel? Because so far, the only evidence you've pointed me to that tells me that they intended to be bound in later litigation is the evidence that points to we intend to be bound to this in later litigation in the bankruptcy court under 523, which is precisely what the BAP court says, we're not looking at that. Well, Your Honor, the evidence that I refer to in the declarations doesn't specifically talk about being bound for a bankruptcy proceeding. It simply says that the stipulation of facts was a negotiated, an important negotiated term, and that the parties intended to be bound by it, and that there wouldn't have been a settlement without it. And I remind you. But the stipulation agreement itself says we intend to be bound by this, not in some general proposition, but we intend to be bound by this in the bankruptcy court under 523. The settlement agreement says that, Your Honor. The stipulation for entry of judgment does not. It makes no reference to bankruptcy. It makes no reference to non-dischargeability. It says. I see. So the settlement agreement really is off to one side, the judgment. I'm saying, Your Honor, that based on the record, the court could have disregarded the settlement agreement. So whether you choose to carve out the pre-petition language in the settlement agreement, paragraph 12, or whether you choose to disregard the entirety of paragraph 12, you are left with a clean and concise stipulation in the stipulation for entry of judgment. And Your Honor, I'd say it goes. Yeah, but that one, I'll just read it. It's the third paragraph. Yang admits to the facts as alleged in the FMI-SAM and GWSM complaint in this action and consents to the entry of judgment in the amount of $3 million based on these facts. That says nothing about, and we intend this to be binding in future litigation, it just says we stipulate to these facts. Well, and that the judgment would be entered on these facts. Well, yeah. But it says nothing about future consequence for collateral estoppel in other cases. No, it does not. That's my problem. But I maintain that if the party's intent was to be bound by those facts. And where do you look to find documentation of that intent? The declarations that I referred to, Your Honor. The declaration of FMI's principal who says that was his intent when he entered into the settlement agreement. But you're not looking to the actual recordation in the settlement? Well, I'm looking at all. I'm looking at the entire record. I'm looking at the entire record. Yes, neither of these documents goes so far as to say that these stipulated facts can be used for any purpose, anywhere, anyhow. But the intent, if we're looking to the intent of the parties, the record, the only evidence in the record is that the parties intend to be bound by the stipulation of facts. There was no limit on how they would be used. Thank you, Your Honor. Well, you've taken the other side over. Let's see how far you go over. I might have made a rash promise when I said you can say what you need to say. I'll try to keep it as short as possible, Your Honor. Thank you. I wanted to make three points. On the issue of collateral estoppel, that is precisely the point here. Mr. Yang disputed in his declaration that he intended that this have that effect. That's in the record at ER 721. He said, when I signed the stipulation, my understanding that I was agreeing that a company I owned had borrowed that money, and I was definitely not agreeing that I committed any sort of fraud. In fact, I refused to sign previous versions that I was only, after the general statement, that I admit facts supporting liability. There's nothing in there about his intent that it be bound in future proceedings. But the settlement agreement makes it very clear that he does agree to that. The settlement agreement only makes it clear insofar as it's a pre-discharge waiver. He intended, they asked that he signed on to it as a pre-petition discharge waiver. So to the extent that that would have been enforceable, then perhaps. But that's not enforceable. I would also point out that the idea that you can disaggregate the stipulation in the settlement agreement is also not supported by the record. The stipulation, on its face, attaches the settlement agreement to it as an exhibit. It incorporates those terms. The two were clearly signed as a single document. One was intended to get the judgment. The other one was intended to settle the case. But they both serve the same purpose, which is to have a pre-petition waiver. And on the issue of going beyond the collateral estoppel issue, if you don't have collateral estoppel, all you have is a stipulation that is evidence. When that was submitted, Mr. Yang contested every single fact of that stipulation and of the complaint. Wait a minute, every single fact? Yes, so Your Honor, in the record at ER 7, starting at ER 719, or actually, I'm sorry, it's CR 717 in his declaration. He marches through all of the, well, he can't do it fact by fact, but pretty much comprehensively says in a series of over 20 paragraphs that he disputed that he committed fraud, he didn't conceal information from SAMA, that he didn't request or threaten employees or staff to do anything inappropriate, that he didn't order his staff to falsify the documents as they alleged. He literally marches through all of the allegations in the complaint and disputes them and says, I didn't do this. And he ends the declaration saying, the only reason I signed the settlement agreement was to buy peace. I didn't think that I was going to be admitting to fraud. I didn't do it. And he didn't say in a general sense, I didn't commit fraud, in a very specific sense, fact by fact, he said the things that were not true in the complaint that he didn't do. And that's evidence that this court never considered at the summary judgment stage. Those are genuine disputes of material fact, both as to intent and as to the underlying 523 facts. And then just the final point I would make is just let's not lose sight of Mrs. Yang. None of these allegations are against her. She was not subject to any of this. There was never any findings in the bankruptcy court as to her intent on the settlement agreement or as to the fact that she had any involvement in this. And in fact, the complaint in the state court, all it said was on information and belief she received the benefits. That's not fraud. It just isn't. If the court had truly applied the Section 523 standards to Mrs. Yang, it couldn't possibly have found that there was a non-dischargeable judgment against her. But if there's no other questions, I'll submit. Thank you very much. Thank both sides for their helpful arguments. Yang versus Fund Management International submitted.
judges: W. Fletcher, Ikuta, Freudenthal